# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:15-CV-00428-GCM

| | |
|---|---|
| ALONZO BETHEA, )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>ARMY NATIONAL GUARD )<br>ARMY DEPARTMENT OF DEFENSE )<br>THE CITADEL, )<br>)<br>**Defendants.** )<br>) | **ORDER** |

**THIS MATTER** is before the Court on Defendant, the Citadel's, Motion to Dismiss (Doc. No. 10) and Memorandum in Support (Doc. No. 11). Plaintiff filed a *pro se* complaint in this Court on September 17, 2015, apparently alleging claims for age discrimination, educational malpractice, and a claim for violations of the Fourteenth Amendment. (Doc. No. 1) In its Memorandum in Support, Defendant argues that the specifics of Plaintiff's claims are irrelevant because it is immune from suit under the Eleventh Amendment. (Doc. No. 11) Nevertheless, the Court notes at the outset that North Carolina does not recognize educational malpractice as a cognizable claim. *Thomas v. Charlotte-Mecklenburg Bd. of Educ.*, No. 3:06CV238-MU, 2006 WL 3257051, at *1 (W.D.N.C. Nov. 9, 2006), *aff'd sub nom. Thomas v. Charlotte Mecklenburg Sch.*, 231 F. App'x 236 (4th Cir. 2007). Therefore, the Court need consider only whether Defendant is entitled to Eleventh Amendment immunity on Plaintiff's remaining two claims in order to dispose of this Motion. ). Plaintiff's Response was due on January 25, 2016, and he failed to file it. For the following reasons, Defendant's Motion will be **GRANTED.**

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State." Eleventh Amendment immunity is not absolute, and the courts have recognized several exceptions, two of which are relevant here. First, Congress has the ability to abrogate immunity when it passes legislation if (1) it acts pursuant to a valid exercise of constitutional power, such as the power granted by § 5 of the Fourteenth Amendment; and (2) it unequivocally expresses its intent to do so. *Litman v. George Mason Univ.*, 186 F.3d 544, 549-50 (4th Cir. 1999). Second, under the *Ex Parte Young* exception, plaintiffs can seek injunctive relief from state violations of their constitutional rights by suing the relevant state officers in their official capacities. *Antrican v. Odom*, 290 F.3d 178, 184 (4th Cir. 2002); *see Ex Parte Young*, 28 S. Ct. 441 (1908).

The Fourth Circuit has declined to precisely characterize Eleventh Amendment immunity as a question of either subject matter or personal jurisdiction. The Court has nevertheless instructed district courts to resolve Eleventh Amendment immunity questions as soon as possible after the State asserts" them. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 482 (4th Cir. 2005). The Court may decline to address Eleventh Amendment immunity prior to considering the merits when a plaintiff's substantive claims present a "question logically antecedent to the existence of the Eleventh Amendment question" and answering that question would not serve to expand the Court's power beyond the limits of jurisdiction. *Id.* at 483. In this instance, Plaintiff's claims do not implicate such a question, and thus Defendant's immunity defense is ripe for disposition.

Here, the Court finds that the Eleventh Amendment bars Plaintiff's claims against Defendant. Pursuant to South Carolina law, Defendant is a state college and it is therefore an "arm

of the state" entitled to immunity unless there is an applicable exception. *See Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 262 (4th Cir. 2005); *see also* S.C. Code § 59-101-10 (designating The Citadel as a state college). Beginning with Plaintiff's age discrimination claim, the Supreme Court has held that Congress did not validly abrogate states' immunity when it enacted the Age Discrimination in Employment Act ("ADEA"). .*Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 91 (2000). Therefore, Defendant retains its Eleventh Amendment immunity as to this claim, and its Motion to Dismiss will be granted. As for Plaintiff's constitutional claim, the basic requirements of stating a claim under *Ex Parte Young* are not met because Plaintiff has named The Citadel, rather than any individual acting in an official capacity. Accordingly, no exception to Eleventh Amendment immunity applies, and Defendant's Motion will be granted as to Plaintiff's constitutional claim. **IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss is **GRANTED.**

        **SO ORDERED.**

Signed: January 26, 2016

Graham C. Mullen
United States District Judge