# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:15-CV-00428-GCM

| | |
|---|---|
| ALONZO BETHEA, | ) |
| **Plaintiffs,** | ) |
| v. | ) **ORDER** |
| ARMY NATIONAL GUARD | ) |
| ARMY DEPARTMENT OF DEFENSE | ) |
| THE CITADEL, | ) |
| **Defendants.** | ) |

**THIS MATTER** is before the Court on Defendant, North Carolina National Guard's, Motion to Dismiss (Doc. No. 20) and Memorandum in Support (Doc. No. 21).[1] Plaintiff filed a *pro se* complaint in this Court on September 17, 2015, apparently alleging claims for educational malpractice, violations of the Age Discrimination and Employment Act ("ADEA"), and violations of the Fourteenth Amendment. (Doc. No. 1) As the Court explained in a previous order (Doc. No. 19), however, North Carolina does not recognize a claim for educational malpractice. *See also Thomas v. Charlotte-Mecklenburg Bd. of Educ.*, No. 3:06CV238-MU, 2006 WL 3257051, at *1 (W.D.N.C. Nov. 9, 2006), *aff'd sub nom. Thomas v. Charlotte Mecklenburg Sch.*, 231 F. App'x 236 (4th Cir. 2007). Thus, the Court need only consider whether Plaintiff can survive a Motion to dismiss on his ADEA and constitutional claims. In its Memorandum in Support, Defendant argues that this Court should dismiss Plaintiff's claims on any of four independent grounds (1) insufficient service of process, (2) Eleventh Amendment immunity, (3) lack of subject matter jurisdiction, or (4) failure to state a claim on which relief could be granted. (Doc. No. 11) The Court previously

---

[1] Defendant is listed on the docket as "Army National Guard."

granted a Motion to Dismiss Defendant the Citadel on Eleventh Amendment immunity grounds. (Doc. No. 19)

Plaintiff's Response was due on February 18, 2016, and he failed to file it. Accordingly, this matter is now ripe for disposition. For the following reasons, Defendant's Motion will be **GRANTED.**

When faced with a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept as true all well-pleaded allegations and . . . view the complaint in a light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The Court "assume[s] the[] veracity" of these factual allegations, and "determine[s] whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Thus, a "complaint may proceed even if it strikes a savvy judge that actual proof of [the facts alleged] is improbable, and that a recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (internal quotation marks and citation omitted). However, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. LLP*, 213 F.3d 175, 180 (4th Cir. 2000).

As an initial matter, the Court agrees with Defendant that Plaintiff failed to properly effect service of process, and thus dismissal is warranted under Rule 12(b)(5) of the Federal Rules of Civil Procedure. Pursuant to the Rules, a plaintiff attempting to serve a state or local government or government agency can do so in one of two ways. First, he can "deliver[] a copy of the summons and complaint to its chief executive officer." Fed. R. Civ. P. 4(j). Second, he can complete service "in the manner prescribed by that state's law for serving a summons or like process on such defendant." *Id.* Under North Carolina law, a plaintiff may serve a state agency by delivering a copy of the summons and complaint to the agency's appointed process agent

personally, by certified mail, or by registered mail. N.C. Gen. Stat. Ann. 1A-1, N.C. R. Civ. P. 4(j)(4). A plaintiff can also effect service by depositing the summons and complaint with a designated delivery service, addressed to the appointed agent, and obtaining a delivery receipt. *Id.* A plaintiff's "failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998). The fact that a defendant receives *actual* notice of the plaintiff's suit by means of an unauthorized attempt at service does not cure the jurisdictional defect. *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

The North Carolina National Guard's registered agent for service of process is Deborah McSwain, Chief Deputy General Counsel for the North Carolina Department of Public Safety. (Doc. No. 21-2) Plaintiff did not serve McSwain, but rather mailed a copy of the complaint to the North Carolina National Guard's offices in Raleigh by certified mail. (Doc. No. 21-1) The package was addressed only to "Army National Guard," and thus a supply technician signed for it. (Doc. No. 21-1) This method of service does not meet the requirements of Rule 4(j) of the Federal Rules of Civil Procedure. *See Pitts v. O'Geary*, 914 F. Supp. 2d 729, 734 (E.D.N.C. 2012) (holding plaintiff's delivery of a box of complaints to City secretary did not effect service under Federal or North Carolina Rules of Civil Procedure). Accordingly, this Court has no personal jurisdiction over Defendant, and Plaintiff's Complaint will be dismissed.

Moreover, even if the Court were to find that service of process was sufficient in this case, it would still be bound to dismiss Plaintiff's complaint for failure to state a claim on which relief can be granted. The Court acknowledges its obligation to liberally construe *pro se* complaints. *Jehovah v. Clarke*, 798 F.3d 169, 176 (4th Cir. 2015). Nevertheless, having carefully reviewed Plaintiff's allegations in this instance, the Court is convinced that Plaintiff has not stated a claim

against Defendant on which relief can be granted for several reasons. Beginning with Plaintiff's ADEA claim, there is no allegation that he is within the class protected by the statute—namely persons who are at least 40 years old. 29 U.S.C.A. § 631(a). Similarly, there is no allegation that he has any relationship to the North Carolina National Guard, much less that he was ever its employee. Although the Complaint seems to allege that Plaintiff believed he had an agreement of some sort with the *South Carolina* National Guard (Doc. No. 1 at 8, 10), the only mention of Defendant in the entire complaint is a single reference on page 11:

> "I have contacted The University of North Carolina at Charlotte Army ROTC . . . Army Department Recruiting Station . . . [and an individual] at the North Carolina National Guard . . . . I, Mr. Bethea have tried to clarify the situation with these detachments, and government agencies, but it is not working in a timely fashion.

(Doc. No. 1 at 11) In short, it appears that Plaintiff may have served the wrong party in this case, as his only apparent interaction with Defendant occurred when he directed his complaints about the Citadel and the South Carolina National Guard to Defendant's employee on one or more occasions.[2] In any event, he has not alleged sufficient facts to state a claim against Defendant for violations of the ADEA or the Fourteenth Amendment. Accordingly, Defendant's Motion to Dismiss (Doc. No. 20) will be granted.

---

[2] Defendant asserts that this Court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff has not shown that he exhausted his administrative remedies prior to filing his ADEA claim. It is well established that federal courts must first resolve questions of jurisdiction before proceeding to the merits of a claim. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). However, the Fourth Circuit has not always been clear about whether the failure to file a charge with the EEOC operates as a jurisdictional bar or affirmative defense. *Compare Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 416 (4th Cir. 2014) (noting that "failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim" (quoting *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009)), *with Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015) (referring to the failure to exhaust administrative remedies as "an affirmative defense" like the statute of limitations (citing *Hosanna-Tabor Evangelical Lutheran Church & Sch. v. EEOC*, 132 S. Ct. 694, 709 (2012)). Because dismissal is warranted first and foremost because this Court lacks personal jurisdiction over Defendant, the Court need not address the subject matter jurisdiction issue. *See Ruhrgas*, 526 U.S. at 588 ("Where . . . a district court has before it a straightforward personal jurisdiction issue . . .and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction.").

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss is **GRANTED.**

**SO ORDERED.**

Signed: February 24, 2016

Graham C. Mullen
United States District Judge